Hyman Barshay, J.
This is an application by the petitioner to vacate and set aside a judgment of the Criminal Court of the City of New York, County of Kings, dated April 21, 1965, convicting the defendant, on his plea of guilty, of unlawfully practicing dentistry in violation of sections 6601, 6605 and 6612 of the Education Law. After listening to counsel for defendant and reciting his prior record of a similar conviction, the court sentenced him to pay “ a fine of $1,000 or 90 days, and in addition, 6 months to be served in the workhouse.” On February 4, 1966, the judgment of conviction was affirmed by the Appellate Term.
The application is based upon the ground that the defendant’s plea of guilty was accepted by the court in violation of the provisions of the law which required that the court must inform the defendant pursuant to section 335-b of the Code of Criminal Procedure.
The minutes of plea dated March 3, 1965 reveal that prior to accepting the defendant’s plea of guilty the following colloquy occurred between the Assistant Attorney-General, Mr. Adler, and the defendant:
*920 “ me. adder: Are you Virgilio Vargas?
the defendant: Yes.
mb. adler: You are charged with the unlawful practice of dentistry in violation of Section 6601, 6605, 6612 of the Education Law, State of New York, in that * * *. You are further advised that if you plead guilty to the violation of the Education Law and you have previously been convicted of the same charge the judge and the court is constrained to punish you in a greater amount as a subsequent offender than if you were a first offender. Do you understand that?
the defendant: Yes.
mb. adler: How do you plead?
the defendant: Guilty.
judge murtaugh: The plea is accepted.”
Section 335-b provides: “where the crime or offense with which defendant is charged or to which he pleads guilty is one for which a different or additional punishment is prescribed or expressly authorized by reason of the fact that the defendant has previously been convicted of a crime or offense, the court before accepting a plea of guilty must inform the defendant that if he has previously been so convicted that fact may be established after his conviction or plea of guilty in the action before the court and he will be subject to such different or additional punishment. ’ ’
The defendant contends that section 335-b “ made it a requirement that the court give such warning to every defendant before a plea of guilty is entered,” and that the court cannot delegate that duty to the Attorney-General.
In People ex rel. Colan v. La Vallee (14 N Y 2d 83, 86), Judge Fuld, writing for a unanimous court, stated: “ Section 335-b was enacted as a procedural safeguard, as an assurance that one who pleads guilty to a crime for which (let us say) a maximum of five years is prescribed will be made aware of the fact that he may be sent to prison for as long as ten years because of a prior conviction. The Legislature, in enacting the section, undoubtedly concluded that considerations of fundamental fairness demanded that a defendant, before entering a plea of guilty, he warned that the crime charged against him was one for which additional punishment is prescribed if he had been previously convicted of another offense. The purpose of the statute is to afford an accused the opportunity of deciding whether to plead guilty, knowing he runs the risk of a more severe sentence, or to deny guilt and stand trial.” In People v. Wilson (20 A D 2d 805), the court held that: ‘ the announcement by the Clerk of the court, acting on behalf *921 of the court, at the time of withdrawal of the plea of not guilty, constituted sufficient compliance with the statute.”
The court or the clerk should advise the defendant of section 335-b before he pleads guilty. That is the mandate of the statute and the better practice. In this case I find that the defendant was represented by counsel actually present and was not prejudiced by the Attorney-General advising him of section 335-b. The application is therefore denied.